UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

KOHL'S, INC.
d/b/a Kohl's #1247 and
KRCX WRI HOLDINGS, LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Kohl's, Inc., Inc. d/b/a Kohl's #1247 and Defendant KRCX WRI Holdings, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).   Plaintiff is also a "tester" to determine whether certain public accommodations are in compliance with the ADA and ADAAG.

5.     Defendant Kohl's, Inc. (also referenced as "operator," lessee" or "co-Defendant") is a foreign for-profit corporation authorized to transact business in the state of Florida.  Kohl's, Inc. is a subsidiary of Kohl's Corporation, which is the largest department store chain in the United states with 1,158 locations.  The parent is a public corporation traded on the NASDAQ exchange and is a part of the S&P 400 retail component and the Fortune 500.  The parent has over 110,000 employees and reported gross revenue of over $15.9 billion in 2020.

6.     Defendant KRCX WRI Holdings, LLC (also referenced as "Defendant Holdings, LLC," "lessor," "owner," or "co-Defendant") is a foreign limited liability company authorized to transact business in the state of Florida.  Defendant Holdings, LLC is the owner of real property built out as a mixed-use community shopping center complex which is located at 8505 Mills Drive and 18110 Mills Drive in Kendall, Florida 33183 which is also referenced as Folios 30-4936-007-0050 and 30-4936-007-0065 (respectively). This mixed-use community shopping complex has been branded "The Palms at Town and Country."  Defendant Holdings, LLC leases its mixed-use community shopping center (in

part) to public accommodations including (but not limited to) Publix supermarket, Dick's Sporting Goods, Marshalls, Nordstrom Rack, Total Wine, Outback Steakhouse, and other retail and restaurant businesses. Defendant Holdings, LLC also leases a portion of its real property to co-Defendant Kohl's, Inc. who in turn operates its Kohl's brand department store (which is the subject of this instant action) at the 11810 Mills Drive location.

## FACTS

7.      All Kohl's department stores are places of public accommodation pursuant to 42 U.S.C. §§12181(7)(E) as "other sales establishments." The Kohl's department store located at 11810 Mills Drive (which is within Defendant Holdings, LLC's community shopping center) which is the subject of this complaint is also referenced as "Kohl's #1247," "Kohl's department store," "Kohl's at The Palms at Town & Country," "department store," or "place of public accommodation."

8.      As the operator of (retail) department stores which are open to the public, Defendant Kohl's, Inc. is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates (retail) department stores; 42 U.S.C. §12182, 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9.      As the owner of The Palms at Town & Country community shopping center which is operated as various places of public accommodation including the Kohl's #1247 department store which is open to the public, Defendant Holdings, LLC is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

10.     Due to the Plaintiff's proximity to The Palms at Town & Country community shopping center, on October 23, 2021 Plaintiff went to the Kohl's department store located

therein to shop and test the public accommodation for compliance with the ADA and ADAAG.

11. While intent on patronizing and testing the Kohl's at The Palms at Town & Country community shopping center, Plaintiff had difficulty perambulating in his wheelchair to the department store entrance due to the non-compliant parking lot. Late, while Plaintiff was shopping, he had occasion to utilize the restroom and while in the restroom, Plaintiff met multiple areas of inaccessibility.

12. Due to the non-ADA compliant parking lot and restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of the department store (Defendant Kohl's, Inc.) and by the owner/lessor of the commercial property which houses the Kohl's department store (Defendant Holdings, LLC).

13. As the owner/operator of 1,158 Kohl's branded department stores, Defendant Kohl's, Inc. is well aware of the ADA and the need to provide for equal access in all areas of its department stores. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Kohl's department store located at The Palms at Town & Country is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As an investor and owner of a community shopping center complex being used as a place of public accommodation, Defendant Holdings, LLC is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its commercial property is fully accessible is/was willful, malicious,

and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize and/or test the Kohl's #1247 department store for compliance with the ADA/ADAAG, but continues to be injured in that he continues to suffer discrimination because of the barriers to access within that place of public accommodation, all which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

19. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the Kohl's #1247 department store, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access in the parking lot and when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant Kohl's, Inc. (operator of the Kohl's at The Palms at Town & Country) and Defendant Holdings, LLC (owner of The Palms at Town & Country community shopping center which includes the subject Kohl's department store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at that Kohl's department store, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject Kohl's department store.

24. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal

Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26.   The Palms at Town & Country community shopping center which is owned by Defendant Holdings, LLC and which houses the Kohl's department store (operated by Defendant Kohl's, Inc.) is in violation of 42 U.S.C. §12181 *et seq.,* the ADA, and 28 C.F.R. §36.302 *et seq.,* As such, both the Defendants are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i.   As to Defendant Kohl's, Inc. (lessee/operator) and Defendant Holdings, LLC (owner/lessor) (jointly and severally), Plaintiff had difficulty exiting the vehicle, as the designated accessible parking spaces are located on a non-compliant slope. Failure to provide accessible means of egress from the parking to the Kohl's department store due to the slope of the parking lot closest to that department store is a violation of 2010 ADA Standards for Accessible Design Sections 207.1, 502.4 and Section 403.3. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.  Section 502.4 states that parking spaces and access aisles serving them shall comply with Section 302, and that access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted.  Defendants are also in violation of

   Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. As to Defendant Kohl's, Inc. (lessee/operator) and Defendant Holdings, LLC (owner/lessor) (jointly and severally), when in the restroom, Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 which states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

iii. As to Defendant Kohl's, Inc. (lessee/operator) and Defendant Holdings, LLC (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory mirror (inside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant Kohl's, Inc. (lessee/operator) and Defendant Holdings, LLC (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R.

        Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

    v.    As to Defendant Kohl's, Inc. (lessee/operator) and Defendant Holdings, LLC (owner/lessor) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink because the bottom sink pipes are not wrapped. Proper insulation protecting users of that sink against the plumbing pipes under the sink is non-existent. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

27.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a Kohl's department store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

28.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the department store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant KRCX WRI Holdings, LLC (owner of The Palms at Town & Country community shopping center which houses the Kohl's department store) and Defendant Kohl's, Inc., Inc. (operator of the Kohl's department store) and requests the following relief:

a)      The Court declare that Defendants have violated the ADA;

b)      The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)      The Court enter an Order requiring that Defendants alter the commercial property and the Kohl's department store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)      The Court award reasonable costs and attorneys fees; and

e)      The Court award any and all other relief that may be necessary and appropriate.

Dated this 15th day of November 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*